# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WINDHAM,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br><br>METROPOLITAN TRANSIT SYSTEM,<br><br>　　　　　Defendant. | CASE NO. 10cv1271-IEG (BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**(2) DENYING AS MOOT DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT**<br><br>**(3) POSTPONING RULING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. Nos. 13, 14, 25] |

　　　Plaintiff James Windham seeks damages for injuries sustained when Defendant Metropolitan Transit System ("MTS") refused to let him board a trolley in downtown San Diego with his service animal. Presently before the Court are three motions: a motion to dismiss brought by Defendant pursuant to Fed. R. Civ. P. 12(b)(6), a motion for a more definite statement brought by Defendant pursuant to Fed. R. Civ. P. 12(e), and a motion for appointment of counsel brought by Plaintiff. For the reasons stated herein, the Court **GRANTS** Defendant's motion to dismiss, **DENIES AS MOOT** Defendant's motion for a more definite statement, and **POSTPONES RULING** on Plaintiff's motion for appointment of counsel.

///

///

## BACKGROUND

The following facts are derived from Plaintiff's amended complaint. Plaintiff has an injured back and owns a service animal, a dog. On November 20, 2009, Plaintiff attempted to board a San Diego Trolley in downtown San Diego (at 5th and C Streets) with his service animal. When he attempted to board the trolley, he was "accosted by the trolley police officers, [and] they stated my dog was not a service animal." Plaintiff explained that the dog was a service animal and showed the officers the tag, but the officers still refused to let him board the trolley. Plaintiff called the police. When the police arrived, they verified that the dog was a service animal and left. However, Defendant still refused to allow Plaintiff to board the trolley.

As a consequence, Plaintiff walked home, carrying grocery bags and other miscellaneous items. Because he has a protruding disc in his back, he experienced pain on the walk home, and his injuries were worsened from the experience. At some point, Plaintiff's doctor prescribed him two different types of pain medication. Plaintiff maintains that Defendant's conduct violated federal law and seeks $175,000 in damages for his injuries.

Plaintiff filed a complaint in this Court on June 15, 2010, along with a motion to proceed *in forma pauperis* and a motion for appointment of counsel. On June 22, 2010, the Court granted Plaintiff's motion to proceed *in forma pauperis* and denied his motion for appointment of counsel. Defendant filed a motion to dismiss and a motion for a more definite statement on July 7, 2010. Rather than opposing the motion, Plaintiff filed an amended complaint on July 14, 2010. Accordingly, the Court denied Defendants motions as moot. Defendant filed the present motions—a motion to dismiss Plaintiff's amended complaint and a motion for a more definite statement—on August 13, 2010. Plaintiff did not oppose the motions. The Court held a hearing on October 8, 2010 and referred the parties to the chambers of Magistrate Judge Skomal for consultation and possible resolution of the matter. The parties met with Magistrate Judge Skomal on November 2, 2010, but they were not able to resolve the matter. On November 8, 2010, Plaintiff filed a motion entitled "Extreme Emergency Motion to Appoint Counsel."

///

///

**DISCUSSION**

**I.      Legal Standard for a Rule 12(b) Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

**II.     Analysis**

As Defendant argues in its motion to dismiss, Plaintiff has failed to assert any specific legal claims. Plaintiff's amended complaint mentions the Americans with Disabilities Act ("ADA"), but it does not refer to any specific section within the ADA or specify what other federal or state laws, if any, Defendant violated. In contrast with the California's Unruh Act, see California Civil Code § 51, the ADA does not permit recovery of damages, see Adickes v. S.H. Kress & Co., 398 U.S.

1  144 (1970), and Plaintiff's amended complaint does not indicate that he seeks injunctive relief. As
2  a consequence of the scant allegations contained in Plaintiff's amended complaint, Plaintiff has not
3  met the threshold obligation of providing the grounds of his entitlement to relief. See Twombly,
4  550 U.S. at 555. Accordingly, the Court **GRANTS** Defendant's motion to dismiss and **DENIES**
5  **AS MOOT** Defendant's motion for a more definite statement.
6  　　　The Court acknowledges but declines to rule on Plaintiff's motion for appointment of
7  counsel at this time.

## CONCLUSION

9  　　　For the foregoing reasons, the Court **ORDERS** as follows:
10  　　　(1) Defendant's motion to dismiss is **GRANTED**, and Plaintiff's claims against Defendant
11  are **DISMISSED WITHOUT PREJUDICE**.
12  　　　(2) Defendant's motion for a more definite statement is **DENIED AS MOOT**.
13  　　　(3) The Court declines to rule on Plaintiff's motion for appointment of counsel at this time.
14  　　　If Plaintiff wishes to file an amended complaint, he should do so within 30 days of the
15  filing of this order. The amended complaint should be a complete document without reference to
16  any prior pleading. The Clerk is directed to send a copy of this order to Plaintiff at his address:

17  　　James Windham
　　　32 17th Street, Apartment 321
18  　　San Diego, CA 92101

19  　　**IT IS SO ORDERED.**

DATED: November 16, 2010

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**

- 4 -                                                                                      10cv1271